SVA LAW GROUP
Sam Vahedi, Esq. (SBN 282660)
9190 W. Olympic Blvd, Suite 306
Beverly Hills, CA 90212
Tel      | 310.321.4616
Fax      | 310.853.1226
Email  | sv@svalawyers.com
Web   | www.svalawyers.com

MAC Legal, P.A.
Michael A. Citron, Esq. (Florida Bar No. 105083)
*Appearing Pro Hac Vice*
   4601 Sheridan Street, Suite 205
Hollywood, Florida 33020
(954) 395-2954
Michael@maclegalpa.com
service@maclegalpa.com (for service)

*Attorneys for Defendant SVES GO, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GAP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SVES GO, LLC, a Florida limited liability company; SVES LLC, a Florida limited liability company; SVES CP LLC, a Florida limited liability company; SVES APPAREL LLC, a Florida limited liability company; SVGO LLC, a Florida limited liability company; ESGO LLC, a Florida limited liability company; SV APPAREL LLC, a Florida limited liability company; ES BUSINESS CONSULTING LLC; SVES, INC.; TIMOTHY J. FULLUM, an individual; and SALOMON MURCIANO, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-04076-VC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>**Date**:      September 26, 2024<br>**Time**:      10:00 a.m.<br>**Courtrm**:   4 – 17th Floor<br>**Judge**:      Hon. Vince Chhabria<br><br>[Removed from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-24-615167]<br><br>Complaint Filed: May 31, 2024 |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 26, 2024 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 4 – 17th Floor of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant SVES GO, LLC will and hereby does move to dismiss this action for failure to state a claim.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the complaint fails to state a claim on which relief can be granted.

This motion is based upon this Notice, the Memorandum of Points and Authorities, the declaration(s) filed herewith, all exhibits thereto, all pleadings, records and papers that may be or have been on file in this action, and any oral arguments that may be considered at the hearing of this matter.

Respectfully Submitted,

MAC LEGAL, P.A.

Dated: July 12, 2024                    */s/ Michael A. Citron*_____
                                        Michael A. Citron, Esq.

                                        SVA Law Group

Dated: July 12, 2024                    */s/ Sam Vahedi*_____
                                        Sam Vahedi, Esq.
                                        *Attorneys for Defendant*

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.    INTRODUCTION

Defendant SVES GO, LLC ("Defendant") hereby moves this Court to dismiss the Complaint for Breach of Contract filed by Plaintiff the Gap, Inc. ("Plaintiff" or "Gap"). Defendant asserts that the Settlement Agreement upon which Plaintiff bases its claim is unenforceable because it lacks consideration. This defect is established on the face of the Complaint itself as well as through the Settlement Agreement attached thereto and incorporated by reference. Additionally, the Complaint fails to establish that the Settlement Agreement is otherwise valid and enforceable—i.e., not procured through fraudulent inducement, misrepresentations, coercion, or duress by Plaintiff. For the reasons discussed below, the Complaint should be dismissed with prejudice.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted if the complaint fails to state a claim upon which relief can be granted. To survive Defendants' Motion, the FAC must include factual allegations that "raise [Plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Claims have "facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Mere conclusory statements do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## III.    ARGUMENT

### A.    The Complaint Fails to State a Claim for Breach of Contract

To state a claim for breach of contract, Plaintiff must show that (1) a valid contract existed between the parties; (2) there was an obligation or duty arising out of that contract; (3) each of the

Defendants breached that duty; and (4) Plaintiff suffered damages that were caused by the breach of contract. *Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014).

1.    <u>The Complaint Fails to Establish the Existence of a Valid Contract</u>

Plaintiff fails to allege the first element—the existence of a valid contract—which requires: (1) parties that are capable of contracting; (2) their consent; (3) a lawful object; and (4) "[a] sufficient cause or consideration," Cal. Civ. Code § 1550. Consideration is "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, . . . to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor." Cal. Civ. Code § 1605.

Plaintiff's sole cause of action is premised upon the breach of the purported "Settlement Agreement" between the parties. Nothing in the Complaint establishes the required elements of a valid contact other than the conclusory assertion that "Gap and the SVES Parties entered into the written Settlement Agreement, a binding enforceable contract duly executed by Gap and the SVES Parties." (Complaint ¶ 29). This is precisely the type of legal conclusion couched as a factual allegation which is insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A closer look at the Settlement Agreement attached as Exhibit A to the Complaint and incorporated therein confirms that the agreement is void of consideration, as it confers is no benefit Defendant. The Court may consider the Settlement Agreement in its entirety under the Incorporation-by-reference Doctrine, because "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The Settlement Agreement's recitals stipulate that Defendant "owes Gap at least Twenty-Six Million One Hundred and Seventy Six Thousand Dollars and no cents ($26,176,000.00)." (Settlement Agreement § I.E). The Payment Terms under § II.B. also provide that the Defendants' "obligation to make Weekly Payments (a) shall continue throughout the term of this Agreement through the time when Gap has received Twenty Six Million One Hundred and Seventy-Six

Thousand Dollars and no cents ($26,176,000.00) in payments," reflecting the exact amount that Plaintiff alleges it was owed in the first place, prior to the existence of the Settlement Agreement. Thus, neither the Complaint nor the Settlement Agreement provide for any *benefit* conferred, or agreed to be conferred upon the Defendant.

While it is true that California recognizes that forbearance, or declining to pursue legal remedies, may be a valid form of consideration (*see Levine v. Tobin*, 210 Cal. App. 2d 67, 26 Cal. Rptr. 273, 274 (Cal. Dist. Ct. App. 1962)), "mere forbearance to sue without agreement to forbear, or the mere act of forbearance if not given for the promise, does not constitute a consideration." *Anglo Cal. Nat'l Bank of S.F. v. Far WestLumber Co.*, 152 Cal. App. 2d 284, 313 P.2d 10, 11 (Cal. Dist. Ct. App. 1957) (citations omitted); *see Wine Packing Corp. of Cal. v. Voss*, 37 Cal. App. 2d 528, 100 P.2d 325, 330 (Cal. Dist. Ct. App. 1940). Even though "[t]he promise to forbear may … be implied as well as express," *Anglo Cal. Nat'l Bank*, 313 P.2d at 11, to survive a motion to dismiss, a Plaintiff must plausibly allege that his forbearance was part of a bargained-for exchange with the Defendant. *See Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 198 Cal. Rptr. 3d 715, 734 (Cal. Ct. App. 2016); see also *Marks v. UMG Recordings, Inc.*, No. 22-55453, 2023 U.S. App. LEXIS 17803, 2023 WL 4532774, at * 3 (9th Cir. July 13, 2023); *Braychenko v. Rodinoff* (C.D.Cal. Dec. 5, 2023, No. 2:23-cv-05607-ODW (MARx)) 2023 U.S.Dist.LEXIS 217172, at *13.

Here, the Settlement Agreement does not provide for any release of claims or confer any other ascertainable benefit to Defendant—it merely reaffirms Defendant's alleged duties to Plaintiff prior to the parties entering into the Settlement Agreement. As such, the title of "Settlement Agreement" given to the document by Plaintiff is a misleading misnomer, as it does not "settle" any dispute. Nor does the Complaint make any allegation that the Settlement Agreement involved any forbearance on Plaintiff's part, or that there was any bargained-for exchange with Defendant. Not only are allegations of consideration lacking, but the Settlement Agreement itself plainly does not offer any consideration, making it invalid and unenforceable. For this reason, the matter should be dismissed without leave to amend.

2.   *The Complaint Fails to Establish That an Obligation or Duty Arose Out of the Settlement Agreement*

For the same reasons discussed above, the Complaint fails to establish the second element of a claim for breach of contract—that "there was an obligation or duty arising out of *that contract* (i.e., the Settlement Agreement)." Both the Complaint and the Settlement Agreement stipulate that the purported obligations or duties allegedly owed by Defendant precede execution of the Settlement Agreement. (See e.g., Complaint ¶ 17: "The Settlement Agreement was entered into based on SVES GO, LLC's failure to make payments to Gap in accordance with the terms of that certain Authorized Goods Reseller

Agreement dated July 6, 2020").

In the same vein, elements 3 and 4 fail because Plaintiff does not and cannot show that Defendants breached any duty *arising from* the Settlement Agreement, or that Plaintiff suffered damages as a result thereof. For these reasons, the Complaint fails to state a claim for breach of contract and should be dismissed with prejudice.

3.   *The Complaint Fails to Establish that Settlement is Otherwise Enforceable*

Notwithstanding the lack of consideration, The Complaint further fails to establish that the Settlement Agreement was not a product of fraudulent inducement, duress, or coercion. The doctrine of economic duress "may come into play upon the doing of a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." *Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 157 Cal. App. 3d 1154, 1158, 204 Cal. Rptr. 86 (1984). The Settlement Agreement itself supports the contention that Plaintiff threatened Defendant to resolve an alleged dispute despite bearing responsibility for the conflict, with the knowledge that Defendant intended to go public. (See Settlement Agreement §§ I.D-H). Based on the contents of the Settlement Agreement incorporated into the Complaint, Plaintiff must also allege facts to rebut these inferences from the Settlement Agreement that render it unenforceable. The Complaint contains no such allegations other than conclusory allegations lacking factual substance. This defect is yet an additional grounds for dismissal.

**B.      The Complaint Fails to Allege the Involvement of Each Defendant**

A complaint that fails to allege how each defendant was involved in the alleged conduct may violate Rule 8. See *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). The purpose of Rule 8 is "to give the defendant fair notice of the factual basis of the claim[s]" asserted against it. *Skaff v. N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841-42 (9th Cir. 2007). So, the notice requirement of Rule 8(a)(2) is not met if a complaint "lump[s] together" defendants in one broad allegation. *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).

The Complaint alleges that "the SVES Parties failed to continue making payments in compliance with the Settlement Agreement" (Complaint ¶ 20), but the "SVES Parties" are defined as "SVES GO, LLC, SVES LLC, SVES CP LLC, SVES APPAREL LLC, SVGO LLC, ESGO LLC, ES Business Consulting LLC, SVES, Inc, Timothy J. Fullum, and Salomon Murciano." (Complaint ¶ 12). This lumping of ten parties in addition to ten additional DOE defendants fails to meet the pleading standards and constitutes further grounds for dismissal.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

MAC LEGAL, P.A.

Dated: July 12, 2024                    */s/ Michael A. Citron*
                                        Michael A. Citron, Esq.

                                        SVA LAW GROUP

Dated: July 12, 2024                    */s/ Sam Vahedi*
                                        Sam Vahedi, Esq.
                                        *Attorneys for Defendant*

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**

        I am over the age of 18 years and am employed in the county of Los Angeles, State of California. I am not a party to this action. My business address is 9190 W. Olympic Blvd., Suite 306, Beverly Hills, CA 90212.

        On the date of execution below, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS**

upon the following person(s) in the following manner:

   Robins Kaplan LLP
   Michael A. Geibelson, Bar No. (179970)
   mgeibelson@robinskaplan.com
   lbryant-wilson@robinskaplan.com
   2121 Avenue of the Stars, Ste 2800
   Los Angeles, CA 90067

   *Attorneys for Plaintiff The Gap, Inc.*

☐    **(By Mail)**
       I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **(By Electronic Service)**
       I caused the documents to be sent to the person(s) at the email address(es) listed herein through the Court's ECF system, which automatically serves registered participants. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

        I declare under penalty of perjury pursuant the laws of the State of California that the foregoing is true and correct.

        Executed on **July 12, 2024** in Los Angeles, California

                                *Sam Vahedi*
                                Sam Vahedi